UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Shannon Johnson, #350430, | ) | C/A No. 5:13-2038-JMC-KDW |
| *a/k/a Christopher S. Johnson,* | ) | |
| | ) | |
| Petitioner, | ) | Report and Recommendation |
| | ) | |
| vs. | ) | |
| | ) | |
| Joseph McFadden, Warden, Lieber | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Christopher Shannon Johnson ("Petitioner"), a prisoner at Lieber Correctional Institution in Ridgeway, South Carolina, challenges his confinement in a Petition for writ of habeas corpus. ECF No. 1. Pursuant to the provisions of 28 U.S.C. §636(b) and Local Rule 73.02(B)(2) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. Petitioner is serving two concurrent 15-year sentences imposed April 9, 2012, in Greenville County.  In his Petition, he challenges his conviction and sentences.  As Petitioner has not exhausted his state court remedies, the undersigned recommends dismissal of the Petition.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995);

*Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). The court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972).

<u>Background and Discussion</u>

Petitioner challenges his conviction and sentence primarily on the basis of the admission of improper evidence. In addition to his Petition, ECF No. 1, Petitioner filed what he calls a "Memorandum of Law in Support of Plaintiff's Habeas and Removal Petitions," ECF No. 1-1, in which he seems to seek to remove his state-court post-conviction relief ("PCR") action to this court. The court docketed the Memorandum of Law seeking to remove his state PCR action as an attachment to his Petition. ECF No. 1-1. Petitioner admits that his PCR is still pending in state court. Pet. 3, ECF No. 1. This court cannot interfere with ongoing state proceedings, and Petitioner has not exhausted his state remedies as he still has a pending PCR that could decide the matter.

Prior to seeking habeas corpus relief, the relevant habeas statute requires that Petitioner must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir.1997) (overturned on other grounds); *see also Thomas v. Eagleton*, 693 F. Supp. 2d 522, 528 (D.S.C. 2010) (citing *Matthews*). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application.  Rule 203 SCACR; S.C. Code Ann. § 17–27–10, *et seq.*; S.C. Code Ann. § 17–27–90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976).  If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP.  Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court.  *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007).  Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts.  A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals.  *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C.1990)).

Petitioner has admitted he has not exhausted his state remedies, and thus cannot proceed with his § 2254 Petition challenging his conviction and sentence at this time.  Similarly, Petitioner cannot remove his PCR action to this court as he apparently seeks to do in his Memorandum in Support of

Habeas and Removal Petitions, ECF No. 1-1. Removing the still-pending action to this court would effectively circumvent the exhaustion requirements of § 2254.

Recommendation

For the reasons cited above, it is recommended that the Petition for a writ of habeas corpus in the above-captioned case be dismissed in its entirety without service upon Respondents. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

IT IS SO RECOMMENDED.

September 9, 2013                          Kaymani D. West
Florence, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).