IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Johnson, #350430, ) | C/A No.   5:13-cv-02038-JMC-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Warden John Pate, ) | |
| ) | |
| Respondent. ) | |
| ) | |

      Petitioner is a state prisoner who filed this pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on Petitioner's Declaration for Entry of Default, Motion for Default Judgment filed on December 22, 2014. ECF No. 73. This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the District Judge.

      In his Motion, Petitioner maintains that Respondent is in default and "utterly failed to answer or otherwise defend as to Petitioner's action, or serve a copy of any answer it might have had, upon Petitioner or the District Court." ECF No. 73. Respondent has not responded to Plaintiff's Motion. Here, Respondent requested a thirty-day extension of time to file his return, *see* ECF No. 67, which the court granted, making the new response date January 14, 2015. ECF No. 68. On January 14, 2015, Respondent filed a Return and Motion for Summary Judgment. ECF Nos. 76, 77. After reviewing the filings, the undersigned finds that Respondent has not failed to timely respond or otherwise plead. Furthermore, courts have consistently held that an entry of default is not warranted in this context because:

> Were district courts to enter default judgments without reaching the merits of [habeas] claim, it would not be the defaulting party but the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them.

*Garland v. Warden*, No. 4:08-1668-JFA-TER, 2008 WL 4834597, at *2-3 (D.S.C. Nov. 4, 2008) (citing *United States v. Dill,* 555 F. Supp. 2d 514, 521 (citing *Bermudez v. Reid,* 733 F.2d 18, 21 (2d Cir. 1984)); *Worrell v. U.S. Parole Commission,* 2008 WL 4137680 (N.D.W.Va.).

Accordingly, it is recommended that Plaintiff's Motion for Default, **ECF No. 73, be denied.**

IT IS SO RECOMMENDED.

January 26, 2015                                                                  Kaymani D. West
Florence, South Carolina                                              United States Magistrate Judge