# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Christopher Johnson, ) | |
| ) | Civil Action No. 5:13-cv-02038-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden John Pate, ) | |
| ) | |
| Respondent. ) | |

Petitioner brought this action seeking relief pursuant to 28 U.S.C. § 2254. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 119) recommending that Respondent's Motion for Summary Judgment (ECF No. 103) be granted. For the reasons set forth below, the court **ADOPTS** the findings of the Magistrate Judge's Report (ECF No. 119), **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 103), and **DISMISSES** Petitioner's habeas corpus petition (ECF No. 1).

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the Report's factual and procedural summation is accurate and includes relevant portions here:

> Petitioner is currently incarcerated in the Ridgeland Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In August 2011, Petitioner was indicted by a Greenville County Grand Jury for trafficking heroin (2011-GS-23-0544) and possession with intent to distribute (PWID) methamphetamine (2011-GS-23-0545). On April 9, 2012, Petitioner pleaded guilty pursuant to Alford v. North Carolina, 400 U.S. 25, 91 S. Ct. 160 (1970), to the offenses before the Honorable Letitia H. Verdin. During his plea, Christopher T. Posey, Esquire, represented Petitioner, and Assistant Solicitor Judy M. Munson appeared on behalf of the State. Petitioner was sentenced to 15 years for each charge, and the sentences were ordered to run concurrently.

1

(ECF No. 119 at 1–2 (citations omitted).)  Petitioner did not directly appeal his guilty plea or sentence, but he did file a Post-Conviction Relief ("PCR") application, which the PCR Court denied in full.  (*See* ECF No. 1 at 2;  ECF No. 76-1 at 135–42; *see generally* ECF No. 76-1.)  Petitioner then filed his federal habeas petition on fourteen (14) separate grounds, (*see* ECF No. 1), to which Respondent filed a Motion for Summary Judgment (ECF No. 103).

The Magistrate Judge recommended that Defendants' Motion for Summary Judgment be granted.  (ECF No. 119.)  Plaintiff filed an Objection to the Report.  (ECF No. 121.)  Petitioner also filed a Motion for Abeyance (ECF No. 124), which this court denied.  (ECF No. 125.)

## II.     LEGAL STANDARD

*A.  The Magistrate Judge's Report and Recommendation*

The Magistrate Judge makes only a recommendation to this court that has no presumptive weight—the responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The court reviews *de novo* only those portions of a Magistrate Judge's Report to which specific objections are filed, and it reviews those portions not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error.  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The court may accept, reject, or modify—in whole or in part—the Magistrate Judge's recommendation or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

*B.       Summary Judgment*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect the disposition

of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the non-moving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

C.     *Relief under 28 U.S.C. § 2254*

The Antiterrorism and Effective Death Penalty Act of 1996, as codified in 28 U.S.C. § 2254, governs Petitioner's federal habeas claims. Petitioners seeking relief pursuant to § 2254 usually must exhaust all available state court remedies before seeking relief in federal court. § 2254(b). Federal courts may not thereafter grant habeas corpus relief unless the underlying state adjudication comports with § 2254(d), which provides:

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was *contrary to, or*

> *involved an unreasonable application of, clearly established Federal law*, as determined by the Supreme Court of the United States; or (2) *resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding*.

§ 2254(d) (emphasis added).

A state court's decision is contrary to clearly established federal law when it "applies a rule that contradicts the governing law set forth" by the United States Supreme Court or confronts facts essentially indistinguishable from a prior Supreme Court decision and "nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). In contrast, a state court's decision involves an "unreasonable application" of "clearly established" federal law 1) "if the state court identifies the correct governing legal rule from this [Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or 2) "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407.

In line with *Williams*, the Fourth Circuit has noted that an "unreasonable application" is not necessarily an "incorrect application" of federal law, explaining that "an incorrect application of federal law is not, in all instances, objectively unreasonable." *Humphries v. Ozmint*, 397 F.3d 206, 216 (4th Cir. 2005) (citing *Williams*, 529 U.S. at 413). Thus, to grant a habeas petition, a federal court must determine that the state courts' adjudication of a petitioner's claims was "not only incorrect, but that it was objectively unreasonable." *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004).

In making this determination, a federal court's habeas review focuses on the state court decision that already addressed the claims, not "the petitioner's free-standing claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997), *appeal dismissed*, 139 F.3d 891 (4th

Cir. 1998). And a Petitioner who brings a habeas petition in federal court must rebut facts relied upon by the state court with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." (citing 28 U.S.C. § 2254(e)(1))).

### III.  ANALYSIS

*A. The Court's Review of Petitioner's Objections*

In her Report, the Magistrate Judge determined as to Petitioner's habeas petition:[1]

1) that Grounds One, Two, Three, Four, Five, Six, and Twelve, comprising Petitioner's ineffective assistance of counsel claims, should be dismissed on the merits based on the Petitioner's inability to demonstrate that the PCR court unreasonably misapplied federal law, (ECF No. 119 at 26–27);

---

[1] This court recites the Magistrate Judge's summary of Petitioner's numerous habeas petition grounds: "In Ground One, Petitioner maintains that deputies entered the hotel room without a valid search or arrest warrant. In Ground Two, Petitioner maintains that an illegal search and seizure was made, and police discussed ways to 'stage' the room to make it appear that evidence was in plain view. In Ground Three, Petitioner maintains that the arresting officers committed perjury and created a false scenario that was presented to procure a search warrant from a judge. In Ground Four, Petitioner maintains that officers attempted to create 'exigent' circumstances that they falsified in affidavits and police reports. In Ground Five, Petitioner argues that fraud was committed when fabricated testimony was presented to a magistrate in order to procure a search warrant after Petitioner had already been unlawfully detained. Additionally, Petitioner alleges that [the Solicitor] used and presented false testimony during his sentencing. In Ground Six, Petitioner maintains that there was a conspiracy to create and present, false evidence between multiple members of the Greenville County Sheriff's Office. In Grounds Seven and Eight, Plaintiff maintains he was falsely arrested and unlawfully imprisoned. In Ground Nine, Petitioner maintains that he was coerced into implicating himself even though he had invoked his right to remain silent. In Ground Ten, Petitioner alleges he was selectively and maliciously prosecuted in spite of ample evidence in existence that demonstrated [Petitioner's "co-arrestee"] was an actual conspirator. Petitioner maintains that official misconduct occurred in Ground Eleven. In Ground Twelve, Petitioner alleges that evidence tampering occurred because drug paraphernalia was not in plain view and the officers were not in 'hot pursuit.' Finally, in Ground Fourteen, Petitioner alleges actual innocence." (ECF No. 119 at 19–20 (citations omitted).)

2) that Grounds Seven, Eight, Nine, Eleven, and Fourteen are procedurally barred from habeas review, (*id.* at 20);

3) that Ground Ten alleging that Petitioner was selectively prosecuted should be dismissed on the merits, (*id.* at 28–30); and

4) that the portion of Ground Thirteen that is devoted to Petitioner's first trial counsel is procedurally barred, (*id.* at 20) and the portion that alleges that Petitioner was prevented from reading his entire prepared statement should be dismissed on the merits, (*id.* at 27–28).

In response, Petitioner makes several objections. First, instead of a specific objection to any discussion of the Magistrate Judge's Report, Petitioner reasserts the same claims he already presented in his Motion for Abeyance (ECF No. 124) before this court that the plea counsel committed perjury during the original PCR state hearing. (ECF No. 121 at 1–6.) This court, in its Order denying that motion, stated:

> In order for this court to grant the requested relief, this court must determine that there was good cause for petitioner's failure to previously raise the claim or exhaust his remedies in state court. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). Furthermore, even where good cause exists, the newly asserted claim must also be meritorious. *Id.* The United States Court of Appeals for the Fourth Circuit has previously held that fraud on the court is a narrowly construed doctrine, and is not found even where there has been perjury by a witness or the fabrication of evidence. *See Fox ex. Rel. Fox v. Elk Run Coal Co., Inc.*, 793 F.3d 131, 136 (4th Cir. 2014). Here, Petitioner's fraud on the court claim is based on the assertion that his former plea counsel committed perjury when called as a witness during Petitioner's post-conviction hearing in state court. The Fourth Circuit has held that even perjury by a witness does not support a fraud on the court claim. Thus, even if Petitioner could demonstrate good cause for failing to present this claim and associated evidence previously, his claim is not meritorious.

(ECF No. 125). Upon review of Petitioner's objections, this court concludes the same with regards to his perjury claim here and finds that the\ objections are without merit.

Petitioner secondly explains that he objects to the Magistrate Judge's "conclusion(s) regarding his allocation and the part his plea counsel played in its truncation, which possibly violated the petitioner's rights under the Sixth and Fourteenth Amendments." (ECF No. 121 at 6–7.)[2] Petitioner specifically contends that the Magistrate Judge "in the same fashion as the PCR Court, has improperly concluded that the sentencing judge had, in her position, at *any* point, a copy of Petitioner's allocation statement prior to handing down her sentence" because, presumably, "the *sole* copy of the allocation statement was [Petitioner]'s rough draft." (*Id.* at 9–10 (emphasis in original).) Petitioner repeats his allegation that his plea counsel's "role in promoting the truncation of [his] allocution; [the plea counsel's] failure to protest it; and his failure to specifically advise the petitioner of his right to appeal the court's truncation all represent deficient performance below professional norms which prejudiced [him]." (*Id.*)

In her Report, the Magistrate Judge referenced the state PCR court's explanation for how Petitioner's claim failed to overcome the standard for proving ineffective assistance of counsel,[3] and, moreover, the PCR court's conclusion that plea court errors are not cognizable in PCR proceedings. (ECF No. 119 at 28 (citations omitted).) The Magistrate Judge concluded the same as to Petitioner's ineffective assistance of counsel claim and found that under the standards of

---

[2] Petitioner pleaded guilty and began reciting his prepared statement for the plea judge. (ECF No. 76-1 at 14.) During this recitation, the plea judge stated: "This is probably the stuff we can kind of pare down a little bit there." (*Id.* at 23.) Petitioner continued making his statement and expressed that he would hand up the entire statement to the plea judge "afterwards." (*Id.*) When the plea hearing concluded, the plea judge accepted Petitioner's plea as "being freely and voluntarily made with the advice of extremely competent counsel with whom you say you are well satisfied. . . ." (*Id.* at 33.)

[3] In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688–89.

AEDPA, Petitioner could not demonstrate "that the PCR court unreasonably misapplied clearly established federal law in rejecting this claim, or that the PCR court made objectively unreasonable factual findings." (*Id.*)  Based on this court's review of the record and Petitioner's Objection, this court must conclude the same.  *See Humphries v. Ozmint*, 397 F.3d 206, 216 (4th Cir. 2005); *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004) (noting that to grant a habeas petition, a federal court must determine that the state courts' adjudication of a petitioner's claims was "not only incorrect, but that it was objectively unreasonable"); *see also Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." (citing 28 U.S.C. § 2254(e)(1)(2012))).

As another ground for his objection, Petitioner introduces another ineffective assistance of counsel claim, which does not appear to be directly connected to any portion of the Magistrate Judge's Report.  As evidence for that claim, he argues that "at every stage of [his] case, plea counsel failed to advise [him] of his right to appeal(s) and/or collateral attack(s)."  (ECF No. 121 at 10–11.)  Petitioner contends that what resulted "was a PCR application consisting almost entirely of *meritorious* Fourth Amendment claims that were not cognizable on collateral attack." (*Id.* at 11.)  He argues, for example, that "nearly every claim in his original PCR application, would reveal that the Petitioner obviously wanted the benefit of an appellate court." (*Id.* at 12.)  To the extent that Petitioner attempts to make a general ineffective assistance of counsel claim, his objections fail, as he does not provide sufficient evidence to fulfill the standard under *Strickland v. Washington* for successfully making out such a claim.  *See* 466 U.S. 668, 688–89 (1984) (holding that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice and that counsel renders ineffective assistance when his

performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable).

Finally, Petitioner reargues—again, not in response to any specific portion of the Report—an ineffective assistance of counsel claim regarding his plea counsel's "misrepresentation" of his parole eligibility. (ECF No. 121 at 12.) The PCR Court found that Petitioner had "failed to meet his burden of proving plea counsel misadvised him about parole eligibility." (ECF No. 76-1 at 140.) Based on this court's review of the record and Petitioner's Objection as to this issue, this court must conclude that Petitioner's ineffective assistance of counsel claim fails. He cannot demonstrate, as AEDPA requires, that the PCR court unreasonably misapplied clearly established federal law in rejecting this claim, or that the PCR court made objectively unreasonable factual findings. *See Humphries v. Ozmint*, 397 F.3d 206, 216 (4th Cir. 2005); *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004) (noting that to grant a habeas petition, a federal court must determine that the state courts' adjudication of a petitioner's claims was "not only incorrect, but that it was objectively unreasonable"); *see also Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." (citing 28 U.S.C. § 2254(e)(1)(2012))).

IV.    CONCLUSION

For the foregoing reasons, the court therefore **ADOPTS** the findings of the Magistrate Judge's Report (ECF No. 119), **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 103), and **DISMISSES** Petitioner's habeas corpus petition (ECF No. 1).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 22, 2016
Columbia, South Carolina

10